UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVISION INTERACTIVE TECHNOLOGIES, INC., and PROVISION HOLDING, INC., Plaintiffs, -against- PROSPERITY INVESTMENTS, LLC, and HAROLD JAHN, Defendants. | Case No.: 2:18-cv-06547-FMO-FFM **SUPPLEMENTAL DECLARATION** |

CURT THORNTON, declares under penalty of perjury, as follows:

1. I am Curt Thornton, a natural person residing in the State of California. I am over the age of 18 years and am competent to make this declaration. I am the chief operating officer of the Plaintiffs in this action, Provision Interactive Technologies, Inc. ("Provision") and Provision Holding, Inc. ("Provision Holding") (collectively referred to herein as the "Plaintiffs"). I held this position at all times mentioned herein.

2. I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

3. I make this supplemental declaration in further support of Plaintiffs' application to the Court for default judgment against the defendants, Prosperity Investments, LLC ("Prosperity") and Harold Jahn ("Jahn") (Prosperity and Jahn are collectively referred to herein as the "Defendants").

4. In advance of the hearing on the instant application, I have reviewed my initial declaration and have determined that certain aspects of same need to be supplemented and/or amended. (*See*, DKT#20, at #2.) Therefore, I incorporate the statements made in my previous Declaration herein and state the following.

5. With respect to the two Subscription Agreements, referred to in my previous Declaration as the "First SA" and the "Second SA," (collectively, the "SAs") supplementation is required to detail further and additional consequential damages incurred by Provision Holding as a result of Defendants' failures to complete the purchase of stock as required under each of the SAs.

6. As stated, the proceeds of these SA's were to be used to pay down toxic debt of Provision Holding. That this was the need for these proceeds was communicated to Defendants prior to the execution of the SAs.

7. However, the damages suffered by Provision Holding for the Defendants' failure to complete their obligations under the SA's go beyond those incurred as a result of the "death spiral" described in my original Declaration.

8. In addition, Provision Holding was damaged as a lost volume seller. Provision Holding has a large inventory of issued but unsold shares of its common stock.

9. Therefore, upon Defendants' breach of the SA's, Provision Holding could not simply mitigate its loss by selling the shares in its inventory to a different purchaser because it maintains such a large inventory, and the total volume of its sales would have been reduced in any event by Defendants' breach. In any scenario, the total sales of common stock would have been, and has been, reduced by Defendants' breach.

10. Historicalstockprice.com is a website that provides the price of the stock of public companies on any given date that a user may search for. The stock symbol for Provision Holding is PVHO. A true and correct copy of the results for a search on historical stockprice.com for the value of the stock of PVHO as it was valued on April 18, 2018 is annexed hereto as "Exhibit A."

11. On the date of the SA's, April 18, 2018, the value of the shares of Provision Holding was $0.03 per share. (*See*, Ex. A.)

12. Further, current stock prices can be searched at quotes.wsj.com, a webpage supported by The Wall Street Journal. A true and correct copy of the results of a search for the current stock price for the value of the stock of PVHO as of the date of this Supplemental Declaration is annexed hereto as "Exhibit B."

13. According to The Wall Street Journal, the value of the shares of Provision Holding as of the current date is $0.0046 per share. (*See*, Ex. B.)

14. Insofar as the SA's provided for the sale of 11,000,000 shares in total, the current value of the total shares Prosperity was required to buy is now $66,000 (11,000,000 shares x $0.0046/share = $66,000).

15. Further, in that the agreed upon purchase price of the 11,000000 shares was a total of $500,000, Provision has been damaged in the amount of $434,000 in lost profits ($500,000 - $66,000 = $434,000).

16. In the alternative, Provision Holding suffered damage in that Defendants' breach resulted in Provision Holding retaining ownership of the 11,000,000 shares. These shares lost value in the amount of $0.0254 per share ($0.03 per share - $0.0046 per share = $0.0254 per share.).

17. As this devaluation was experienced by Provision Holdings for the 11,000,000 shares which Prosperity was supposed to purchase, Defendants' failure to buy these shares as

contractually obligated left Provision Holding in possession of the soon to be devalued property, causing a loss in the amount of $279,400 ($0.0254 loss per share x 11,000,000 shares = $279,400 loss).

18. While Provision Holding vigorously argues that its lost profits are the appropriate measure of its damages, under either calculation it experienced significant damage due entirely and directly to Defendants' breach of the SA's.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON THIS 27th DAY OF NOVEMBER

____________________________
CURT THORNTON